Floyd MINIX and Gloria
Minix, Plaintiffs,

v.

Steve Lee FELLERS, Delmar Fellers,
Jeanette Fellers, Defendants.

No. C–86–6368 SC.

United States District Court,
N.D. California,

Feb. 24, 1987.

Crawford, Major & Kranz, Lakeport, Cal., for plaintiffs.

Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

CONTI, District Judge.

This action is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction.

Plaintiffs brought this wrongful death action in federal court under admiralty jur-isdiction. According to the complaint, they are the surviving parents of Kelly Minix. Plaintiffs allege that on May 27, 1986, Kelly Minix was the guest on an eighteen foot, 150 horsepower outboard motorboat owned by defendants Delmar and Jeanette Fellers. Plaintiffs further allege that while defendant Steve Fellers was operating the boat on Clear Lake in California, Kelly Minix fell into the water and drowned.

Whether this court has the jurisdiction to hear this case depends on whether Clear Lake is considered "navigable water." Federal courts have admiralty jurisdiction over cases arising out of injuries on navigable water under 46 U.S.C. section 740, which provides that "[t]he admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury to person or property, caused by a vessel on navigable water ..." A body of water is part of the navigable water of the United States if it supports interstate commerce. *Davis v. U.S.*, 185 F.2d 938, 943 (9th Cir.1950). Commerce for the purpose of admiralty jurisdiction means activity related to the business of shipping, and not non-commercial fishing and pleasure boating. *Adams v. Montana Power Co.*, 528 F.2d 437, 439 (9th Cir.1975).

Clear Lake is the largest natural lake totally within the boundaries of the State of California. Declaration of Phil N. Crawford ("Crawford Declaration"), p. 1. Its shoreline spans 100 miles, and its average depth is thirty feet. *Id.* The lake is twenty five miles long and six to eight miles wide. *Id.* Several small streams and springs feed Clear Lake at one end, none of which are large enough for commercial boating. Declaration of Edward D. Bronson, Jr. ("Bronson Declaration"), pp. 1–2. The other end of Clear Lake is completely and permanently dammed in order to irrigate Yolo County agriculture. *Id.* Such dams prevent the lake serving as a passageway for commercial boats to and from other waterways. Presently, the lake is used for recreational water sports and non-commercial fishing. Crawford Declaration, p. 2, Bronson Declaration, p. 2.

Plaintiff argues that because Clear Lake has been used in the past as a means of transporting supplies and U.S. mail to lakeside communities, and was used until a few years ago by commercial fishermen, it is navigable water. Plaintiff cites *Davis*, supra, in support of this proposition. In *Davis*, the Ninth Circuit found that in addition to looking at the present activities and conditions of a body of water in order to determine its navigability, a court may consider other factors, too. Specifically, the Ninth Circuit stated that a court may look to past conditions of and past activities performed on the body of water and the water's susceptibility to use as a highway of interstate commerce. *Davis*, 185 F.2d at 943.

After considering the past and present uses and conditions of Clear Lake, the court finds that Clear Lake is not navigable water. Although past activities and conditions of Clear Lake indicate the presence of previous interstate commerce, the activities and condition of Clear Lake now and at the time of the subject accident are and were non-commercial and intrastate. In addition, the condition and location of the lake do not make it susceptible to interstate commerce in the future. Therefore, this court holds that Clear Lake is not part of the navigable waters of the United States and thus, this court has no admiralty jurisdiction over plaintiff's claim.

In accordance with the foregoing, it is hereby ordered that:

(1) Defendants' motion to dismiss is granted.